✎JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ebony Harris

## DEFENDANTS

City of Philadelphia, City of Philadelphia Law Department, Police Officer William Gress

**(b)** County of Residence of First Listed Plaintiff   Burlington
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey R. Lessin, Esquire, 1500 JFK Boulevard, Ste. 600, Phila PA 19102
215-599-1400

Attorneys (If Known)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☒ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to District
    Judge from
    Magistrate
    Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 C.S.A.1983

Brief description of cause:
Civil Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
    UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
7-20-11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff:  111 Delacove Homes, Beverly, NJ

Address of Defendant:  1515 Arch Street, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:  400 Block of South Street

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☑

Does this case involve multidistrict litigation possibilities?    Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability —— Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7-20-11 _____ Attorney-at-Law _____ 43801 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7-20-11 _____ Attorney-at-Law _____ 43801 Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| HARRIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILA., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( X )

| | | |
|---|---|---|
| 7-20-11 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-599-1400 | 215-599-1416 | Kj.lessin@lessinlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EBONY HARRIS                                          :
111 Delacove Homes                                    :
Beverly, NJ 08010                                     : CIVIL ACTION
          **Plaintiff,**                 : NO.
    v.                                              :
CITY OF PHILADELPHIA, c/o City of Philadelphia        :
Law Department                                        :
1515 Arch Street                                      :
Philadelphia, PA 19102,                               :
      and                                 :
CITY OF PHILADELPHIA POLICE                           :
DEPARTMENT, c/o City of Philadelphia Law              :
Department                                            :
1515 Arch Street                                      :
Philadelphia, PA 19102                                :
      and                                 :
Police Officer WILLIAM GRESS, Jr.,                    :
c/o CITY OF PHILADELPHIA,  POLICE                     :
DEPARTMENT, c/o City of Philadelphia Law              :
Department                                            :
1515 Arch Street                                      :
Philadelphia, PA 19102,                               :
          **Defendants.**               :

## COMPLAINT

Plaintiff, **EBONY HARRIS**, (hereinafter referenced as "**Plaintiff**" as context dictates),

by and  through her undersigned counsel, Jeffrey R. Lessin & Associates, & P.C., files this

Complaint and sues Defendants, **CITY OF PHILADELPHIA,  CITY OF PHILADELPHIA**

**POLICE DEPARTMENT,** and **Police Officer WILLIAM GRESS, Jr.,** Individually, and in

his capacity as City of Philadelphia Police Officer**,** and alleges:

## INTRODUCTION

1.      This is an action at law for damages sustained by a citizen of the United

States against an individual, a police officer of the Philadelphia Police Department and the

City of Philadelphia itself, respectively.

2.      On Saturday, August 7, 2010, **Plaintiff** was violently manhandled, punched and arrested without probable cause on the 400 block of South Street, Philadelphia, PA, which is in the City and County of Philadelphia, by a **CITY of PHILADELPHIA** police officer, namely, Defendant **Police Officer WILLIAM GRESS, Jr.** (Badge #4702), individually and acting in his capacity as **CITY of PHILADELPHIA** police officer.

3.      By this complaint, **Plaintiff** seeks judicial redress for violation of her civil rights.

4.      **Plaintiff** brings this claim pursuant to 42 U.S.C. §1983 seeking monetary relief for violation of the Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment, the First Amendment right to petition the government for redress of grievances, and the Fourth Amendment.   **Plaintiff** also seeks damages under Pennsylvania tort law.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked under 28 U.S.C. §§1331, 1343 and 1367, this being an action authorized by law to redress the deprivation under color of Pennsylvania law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to **Plaintiff** by the Privileges and Immunities Clauses of Article IV Fourteenth Amendment, the Fourth Amendment to the Constitution of the United States and the First Amendment to the Constitution of the United States.

6.      For jurisdictional purposes, the matter in controversy exceeds, exclusive of interest and costs, the sum or value of ten thousand dollars ($10,000.00).

7.      Venue is properly placed in the United States District Court of the Eastern

District of Pennsylvania as it is where Defendants reside, or have offices and business addresses, and where the illegal events complained of all occurred.

<u>PARTIES</u>

8.      Plaintiff, **EBONY HARRIS,** is an individual, citizen of the United States and resides at the above-captioned address.

9.      Defendant **Police Officer WILLIAM GRESS, Jr.** is an adult individual, duly appointed and at all times relevant hereto acting as an officer of the law in the in the Philadelphia County Police Department.   He is being sued in his individual capacity for money damages.

10.     **CITY OF PHILADELPHIA POLICE DEPARTMENT,** (hereinafter **"POLICE DEPARTMENT"**) is a municipal corporation and/or political subdivision of the Commonwealth of Pennsylvania and/or a department or division thereof, and was the employer of Defendant **Police Officer WILLIAM GRESS, Jr.**. All actions and/or omissions were performed by the individual police officer were in the name of the **POLICE DEPARTMENT,** and were under the color of state law.

11.     In the alternative, **CITY OF PHILADELPHIA** (hereinafter "**CITY**") is a municipal corporation and/or political subdivision of the Commonwealth of Pennsylvania and was the employer of Defendant **Police Officer WILLIAM GRESS, Jr.**.  All actions and/or omissions were performed by the individual police officer, and other police officers, were in the name of the **CITY**, and were under the color of state law.

12.     At all times pertinent hereto, Defendant **CITY of PHILADELPHIA**, and Defendant **Police Officer WILLIAM GRESS, Jr.**, each of them acting separately and in

3

concert, through conduct sanctioned under color of state law, statute, municipal ordinances, regulations, policies, practices, customs and/or usages engaged in conduct resulting in injury and damage to Plaintiff, depriving her of the rights, privileges and immunities secured by the First, Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States and Commonwealth of Pennsylvania.

13.    The **CITY**, by and through the individual members of the **POLICE DEPARTMENT** of the **CITY**, who are its agents and employees, together with the identified individual Defendant and persons presently unknown to Plaintiff, acting under color of law, statute, City or township ordinance, regulations, policies, practices, customs and/or usages have subjected **Plaintiff** and other persons to a pattern of conduct consisting of intimidation, abuse, assault and battery, defamation of character, invasion of privacy and conspiracy to deny access to the courts and cover-up of illegal activities, resulting in the denial of the rights privileges and immunities guaranteed Plaintiff and other citizens by the Constitution of the United States and Commonwealth of Pennsylvania.

14.    This systematic pattern of conduct consisted of a large number of individual acts of violence, intimidation, abuse, assault and battery, invasion of privacy, conspiracy to deny access to the courts and cover-up of illegal activities and/or humiliation visited upon **Plaintiff** and other citizens by members of the **POLICE DEPARTMENT** of the **CITY**, acting in concert with persons unknown to **Plaintiff** under color of law, together with the acts specified in this Complaint.  These acts of violence, intimidation, abuse, assault and battery, conspiracy to deny access to the courts and cover-up of illegal activities and/or humiliation which occurred under color of law, have no justification or excuse in law and

4

are illegal, improper and unrelated to any activity in which a police officer may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

15.     Despite the fact that **CITY** officials knew or should have known of the fact that this pattern of conduct was being carried out by their agents and/or employees, the **CITY**, through its officials, particularly the police commissioner, have taken no effort to order a halt to this course of conduct, to make redress to **Plaintiff** or other citizens injured thereby, or to take any disciplinary action whatever against any of its employees and/or agents, thus having the effect of encouraging their employees and/or agents to continue in this illegal pattern of conduct.

## COUNT I
## PLAINTIFF v. DEFENDANT Police Officer WILLIAM GRESS, Jr.
## FEDERAL CIVIL RIGHTS VIOLATIONS-FOURTH AMENDMENT

### FACTUAL ALLEGATIONS

16.     On Saturday, August 7, 2010, **Plaintiff** was violently manhandled, punched and arrested without probable cause on the 400 block of South Street, Philadelphia, PA, which is in the City and County of Philadelphia, by a **CITY of PHILADELPHIA** police officer, namely, Defendant **Police Officer WILLIAM GRESS, Jr.** (Badge #4702), individually and acting in his capacity as **CITY of PHILADELPHIA** police officer.

17.     At all times relevant to this cause of action, the aforementioned **CITY of PHILADELPHIA** police officer was acting in his capacity as  law officer and employee of the Police Department  of the **CITY of PHILADELPHIA**, and was acting under color of state law by virtue thereof.

18.     On or about said date and approximate time, **Plaintiff** was with friends,

5

outside, in front of the establishment known as "Fat Tuesday's" on the 400 block of South Street, in Philadelphia, Pennsylvania.

19.     At or about said date and approximate time, **Plaintiff**'s boyfriend's relative from out of town, who is a very diminutive person, exited "Fat Tuesday's" with a drink inb his hand.

20.     A **CITY of PHILADELPHIA** police officer, later identified as Defendant **Police Officer WILLIAM GRESS, Jr.**, who was on a bike, told **Plaintiff**'s boyfriend's relative to dump out the drink.

21.     **Plaintiff**'s boyfriend's relative then put the drink down, but Defendant **Police Officer WILLIAM GRESS, Jr.** lost his temper because he did not dump out the drink.

22.     Without any further provocation, Defendant **Police Officer WILLIAM GRESS, Jr.** started cursing and using ethnic slurs toward **Plaintiff**'s boyfriend's relative.

23.     Then **Plaintiff**'s boyfriend, Isai Garcia, intervened and told Defendant **Police Officer WILLIAM GRESS, Jr.** not to use racial or ethnic slurs.   The police officer responded and the two started to argue.

24.     **Plaintiff** then stated to Defendant **Police Officer WILLIAM GRESS, Jr.** that there was no need to use obscenities and racial or ethnic slurs.

25.     **Plaintiff** then spit on the ground, and  Defendant **Police Officer WILLIAM GRESS, Jr.** accused her of spitting on him.

26.     Defendant **Police Officer WILLIAM GRESS, Jr.**  arrested Isai Garcia.

27.     Defendant **Police Officer WILLIAM GRESS, Jr.** then broke **Plaintiff**'s nose and sprained her left wrist.  After breaking **Plaintiff**'s nose and spraining her left wrist,

Defendant **Police Officer WILLIAM GRESS, Jr.** then arrested **Plaintiff** for harassment under 18 Pa.C.S. §2709(a).

28.     Thereafter, the Philadelphia Police, by and through Defendant **Police Officer WILLIAM GRESS, Jr.**, charged and processed **Plaintiff** for harassment under 18 Pa.C.S.§2709(a).

29.     In relevant part, 18 Pa.C.S §2709(a) states:

**(a) Offense defined.**--A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1)     strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;
(2)     follows the other person in or about a public place or places;
(3)     engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;
(4)     communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings        o      r
caricatures;
(5)     communicates repeatedly in an anonymous manner;
(6)     communicates repeatedly at extremely inconvenient hours; or
(7)     communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

30.     Indeed, **Plaintiff** had not committed harassment, nor was there any probable cause for  Defendant **Police Officer WILLIAM GRESS, Jr.** to arrest **Plaintiff** for same.

31.     **Plaintiff** pled "not guilty" to said charge of harassment.

32.     The said charge of harassment was subsequently non prossed in favor of **Plaintiff** by the Court.

33.     **Plaintiff** had done nothing to provoke such a physical attack or arrest by Defendant **Police Officer WILLIAM GRESS, Jr.**.

34.     Said Defendant **Police Officer WILLIAM GRESS, Jr.** deliberately and

7

intentionally arrested **Plaintiff** without probable cause, and further inflicted said serious injuries upon **Plaintiff**.

35.    Said Defendant **Police Officer WILLIAM GRESS, Jr.** intentionally arrested **Plaintiff** without probable cause and falsified charges against Plaintiff in a malicious attempt to bully and intimidate **Plaintiff**, and further to teach **Plaintiff** a lesson for **Plaintiff**'s unwillingness to accept Defendant Defendant **Police Officer WILLIAM GRESS, Jr.**'s unreasonable and unconstitutional conduct, including, but not limited to using racial and ethnic slurs because a person put a drink down rather than dump it out, a gross violation of **Plaintiff**'s civil rights.

36.    At the insistence and instigation of Defendant **Police Officer WILLIAM GRESS, Jr.**, the false criminal charge of harassment was leveled against **Plaintiff**.

37.    Defendant **Police Officer WILLIAM GRESS, Jr.** also falsified police records and perjured himself in furtherance of his scheme to violate **Plaintiff**'s civil rights, to retaliate at Plaintiff for asserting her rights, and to cover up his gross and egregious misconduct.

38.    Defendants **CITY OF PHILADELPHIA** and **CITY OF PHILADELPHIA POLICE DEPARTMENT**, through the individually named Defendant police officer, falsely claimed that **Plaintiff** was guilty of harassment.

39.    As a result of the reckless, outrageous and intentional misconduct of Defendant **Police Officer WILLIAM GRESS, Jr.**, **Plaintiff** suffered a broken nose, a left wrist injury, great pain and suffering, and was subject to false arrest and prosecution for an offense she did not commit, and for which no probable cause to arrest existed.   She

8

has in the past and will in the future undergo physical pain and suffering as a result of which he has been in the past and may in the future be unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

40.     As a result of the aforesaid occurrence, the **Plaintiff** has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend sums of money for medicine and medical attention and will or may be required to expend additional sums for the same purposes in the future.

41.     As a result of the aforesaid occurrence, the **Plaintiff** has been compelled, in order to defend herself against the outrageous and false charges to expend sums of money on attorneys fees and/or expenses and costs.

42.     As a result of the aforesaid occurrence, the **Plaintiff** has been prevented from attending to her usual and daily activities and duties, all to her great financial detriment and loss.

43.     As a result of the aforesaid occurrence, the **Plaintiff** has suffered physical pain, mental anguish embarrassment, humiliation, psychological pain and damage to her personal reputation, and he may continue to suffer same for an indefinite period of time in the future.

    **WHEREFORE, PLAINTIFF EBONY HARRIS** demands compensatory damages against the Defendant **Police Officer WILLIAM GRESS, Jr.**   solely, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the said Defendant, in an amount in excess of ($100,000.00).  A demand is also made for costs, expenses, reasonable attorney fees and

such other relief as the Court deems just, proper and equitable. **Plaintiff** demands a trial by jury.

## COUNT II
### PLAINTIFF v. DEFENDANTS CITY and POLICE DEPARTMENT
### FEDERAL CIVIL RIGHTS VIOLATIONS
### PLAINTIFF v. CITY ("Monell" Claim)

44.     **Plaintiff** incorporates herein by reference all of the allegations contained in paragraphs 1 through 43 herein, inclusive, as fully as though the same were set forth herein at length.

45.     This cause of action is brought by **Plaintiff** against the **CITY**, and the **POLICE DEPARTMENT** for deprivation by its agents, servants, workmen and/or employees of their constitutional rights within the meaning of 42 U.S.C. §1983.

46.     Defendant **Police Officer WILLIAM GRESS, Jr.**, Individually, and in his capacity as a Police Officer, acting under color of law as authorized police officer of the **CITY**, and/or the **POLICE DEPARTMENT** while in the acts aforesaid, resulted in a constitutional deprivation of **Plaintiff**'s constitutional rights in violation of the Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment of the United States Constitution.

47.     The **CITY**, and/or the **POLICE DEPARTMENT** violated **Plaintiff**'s due process rights by failing to train its officer, Defendant **Police Officer WILLIAM GRESS, Jr.,** Individually, and in his capacity as a Police Officer, in the proper methods for dealing constitutionally with non-perpetrator citizens and for investigating, reporting and prosecuting crimes, and for filing only charges based in fact and law, testifying honestly and candidly in sworn testimony before the Court.

10

48.    The **CITY**, and/or the **POLICE DEPARTMENT** through its agents, servants, workmen and/or employees have a history of threatening, assaulting, falsely accusing and prosecuting and physically attacking innocent citizens while on duty and/or in uniform, of refusing to honestly report, investigate, charge or recommend charges against agents, servants, workmen and/or employees of the **CITY**, and/or the **POLICE DEPARTMENT** who attack, assault, threaten, perjure or otherwise commit crimes and/or misdemeanors against innocent citizens similarly situated as **Plaintiff** and depriving them of their constitutional rights within the meaning of 42 U.S.C. §1983.

49.    The constitutional deprivation was caused by the lack of training, supervision, review and discipline by the **CITY**, and/or the **POLICE DEPARTMENT** with regard to its officers, and police officers in general and Defendant **Police Officer WILLIAM GRESS, Jr.** in particular, by failing to properly train, supervise, review and/or discipline officers regarding their ability to appropriately interact with citizens without causing the deprivation of constitutional rights, and in their ability to charge citizens with crimes only when there is actual and factual evidence of criminal conduct, thereby departing from the prevailing standards, and also by  train, supervise, review and/or discipline officers regarding their duty to honestly swear out charges and testify honestly under oath.

50.    Prior to the date of the incident involving **Plaintiff**, the **CITY**, and/or the **POLICE DEPARTMENT** permitted, tolerated and overlooked and/or approved the constitutional violations of citizens by officers of its police department, particularly Defendant **Police Officer WILLIAM GRESS, Jr.**, and other officers similarly situated, who were not properly trained and supervised to appropriately interact with citizens without

11

causing the deprivation of constitutional rights.

51.     The **CITY**, and/or the **POLICE DEPARTMENT** is/are responsible for the promulgation, adoption, and implementation of official policies for its officers and police officers in general and Defendant **Police Officer WILLIAM GRESS, Jr.** in particular, to ensure that they appropriately interact with citizens without causing the deprivation of constitutional rights.

52.     As a direct and proximate result of the above-mentioned unconstitutional acts, patterns, policies, customs, and usages of The **CITY**, and/or the **POLICE DEPARTMENT**, Defendant **Police Officer WILLIAM GRESS, Jr.** violated **Plaintiff**'s rights, and **Plaintiff** has sustained physical and mental injuries, financial damages and deprivation of civil rights as indicated herein.

53.     Defendant **CITY OF PHILADELPHIA** and/or **CITY OF PHILADELPHIA POLICE DEPARTMENT** has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs, and for the need for more or different training, supervision, investigation or discipline in the following areas of:

      a.     the use of unreasonable force, excessive force and unlawful arrest by police officers;

      b.     the proper exercise of police powers, including, but not limited to the unreasonable use of force, the excessive use of force, unlawful arrest, malicious prosecution, the need to present non-perjured claims and testimony in a criminal prosecution, and violation of citizens' civil rights;

c.   the monitoring of officers, including, but not limited to officers it knew or should have known may have been suffering from emotional or psychological problems that impaired their ability to function as officers;

d.   the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e.   police officers' use of their status as police officers to employ the use of excessive force and unlawful arrest, or to achieve ends not reasonably related to their police duties;

f.   the failure to take remedial or disciplinary action against police officers who use racial and/or ethnic epithets with members of the public citizenry; and

g.   the failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein, and regarding testifying truthfully when under oath in Court.

**WHEREFORE, PLAINTIFF EBONY HARRIS** demands compensatory damages against the Defendant **CITY OF PHILADELPHIA** and/or **CITY OF PHILADELPHIA POLICE DEPARTMENT** and each of them, solely, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00).  A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper

13

and equitable. **Plaintiff** demands a trial by jury.

**COUNT III**
**PLAINTIFF v. DEFENDANT Police Officer WILLIAM GRESS, Jr.**
**FEDERAL CIVIL RIGHTS VIOLATIONS-DEMAND FOR PUNITIVE**
**AND OTHER DAMAGES**

54.     **Plaintiff** incorporates herein by reference all of the allegations contained in paragraphs 1 through 53, inclusive, as fully as though the same were set forth herein at length.

55.     As a direct and proximate result of the above mentioned acts of Defendant **Police Officer WILLIAM GRESS, Jr.**, **Plaintiff** has been caused to suffer great bodily and mental harm, pain, suffering and injury, including mental anguish, from the time of the incident until now, and will continue to suffer same well into the future; has lost and will in the future lose sums of money due to medical expenses past, present and future; and has been greatly humiliated and held up to public scorn and ridicule as a result of the acts of the Defendants discussed herein.

56.     **Plaintiff** has been forced to incur obligations for investigation, attorney fees, court reporter fees and other expenses due to the intentional, unfounded and unwarranted misconduct of the Defendants, which has been a serious and onerous burden to her.

57.     Due to the intentional, egregious and outrageous nature of the misconduct of Defendant **Police Officer WILLIAM GRESS, Jr.** as outlined above, **Plaintiff** demands not only compensatory damages, but punitive damages against Defendant **Police Officer WILLIAM GRESS, Jr.** .

WHEREFORE, **PLAINTIFF EBONY HARRIS** demands compensatory damages

14

against the Defendants and each of them, jointly and severally, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the Defendant **Police Officer WILLIAM GRESS, Jr.**, in an amount in excess of ($100,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. **Plaintiff** demands a trial by jury.

## COUNT IV
## PLAINTIFF v. DEFENDANTS
## SUPPLEMENTAL STATE CLAIMS

58.   **Plaintiff** incorporates herein by reference all of the allegations contained in paragraphs 1 through 57, inclusive, as fully as though the same were set forth herein at length.

59.   The acts and conduct of Defendant **Police Officer WILLIAM GRESS, Jr.** in this case constitute assault, battery, false arrest, false imprisonment, abuse of process, malicious prosecution, invasion of privacy and casting in a false light (due to the fact that the officer's false allegations were published and/or publicized by one r more Defendants, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Honorable Court has supplemental jurisdiction to hear and adjudicate these claims.

60.   The acts and conduct of Defendant **Police Officer WILLIAM GRESS, Jr.** in this case further acting in concert to commit and/or cover up acts constituting assault, battery, false arrest, false imprisonment, abuse of process, malicious prosecution, invasion of privacy and casting in a false light, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Honorable Court has

15

supplemental jurisdiction to hear and adjudicate these conspiracy claims.

WHEREFORE, **PLAINTIFF EBONY HARRIS** demands compensatory damages against the Defendants and each of them, jointly and severally, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the Defendants, and each of them, jointly and severally, in an amount in excess of ($100,000.00).  A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. **Plaintiff** demands a trial by jury.

**JEFFREY R. LESSIN & ASSOCIATES, P.C.**

**BY** _____
**JEFFREY R. LESSIN, ESQUIRE**
**MARK T. RICHTER, ESQUIRE**
**I.D. Nos. 43801 and 45195**
**Attorneys for Plaintiffs**
**1500 J.F.K. Boulevard, Suite 600**
**Philadelphia, PA 19102**
**215-599-1400**

16